## PACIFIC EMPLOYERS INS. CO. v. BANKS–OLSHINE CO., Inc.
### No. 11783.

United States Court of Appeals Sixth Circuit.

Nov. 3, 1953.

596

John M. Cate, Nashville, Tenn. (Cate & Cate, Nashville, Tenn., of counsel), for appellant.

Raymond Denny, Nashville, Tenn. (Louis Leftwich, Jr., Nashville, Tenn., on the brief; Denny, Leftwich & Glasgow, Nashville, Tenn., of counsel), for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

PER CURIAM.

This is an appeal from the judgment of the district court in favor of the insured on a fidelity bond insurance policy issued to it by the appellant insurance company.

The insured appellee, Banks-Olshine Company, Incorporated, sustained the loss of money and merchandise as a result of the wrongful acts of one of its employees, W. E. Jacobs. At the time of such loss, the fidelity bond involved herein was in effect. A clause in the bond provided: "No employee, to the best of the knowledge of the Insured, or if the Insured be a co-partnership, of any partner thereof, or if the Insured be a corporation, of any officer thereof, not in collusion with such employee, has committed any fraudulent or dishonest act in any position in the service of the Insured or otherwise."

Later, the appellant insurer issued another fidelity bond or policy of insurance in the name of the appellee corporation renewing the original fidelity bond and containing a similar provision. The clause therein provided: "No employee, to the best of the knowledge of the Insured or of any partner or officer thereof not in collusion with such employee, has committed any fraudulent or dishonest act in the service of the Insured or otherwise."

Appellant contends that, as a matter of fact, the appellee company had such knowledge of the prior defalcation of Jacobs as to bring that provision into effect in nullification of the liability of the appellant insurer to it for losses sustained through the dishonesty of its employee, Jacobs.

As we analyze the case, nothing but a fact issue is presented on this appeal. The district judge found from the evidence that neither the insured nor its predecessor partnership had any knowledge or information that Jacobs, or any of its employees, had committed any fraudulent or dishonest act or acts in the service of the insured, or otherwise, prior to the time that the loss involved herein was discovered. We find substantial evidence in the record to support this finding of fact and are of opinion that the same was not clearly erroneous.

It is, therefore, incumbent upon us to affirm the judgment, which we now do.